IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN PULLEY,**  )<br>  )<br>  **Petitioner/Defendant,**  )<br>  )  **CIVIL NO. 10-cv-019-MJR**<br>**vs.**  )<br>  )  **CRIMINAL NO. 06-cr-40057**<br>**UNITED STATES of AMERICA ,**  )<br>  )<br>  **Respondent/Plaintiff.**  ) | |

## **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Petitioner Kevin Pulley's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Pursuant to a plea agreement and stipulation of facts, Pulley pleaded guilty to one count of conspiracy to manufacture and distribute in excess of 500 grams of methamphetamine. He was sentenced to 168 months imprisonment, five years supervised release, a fine of $875, and a special assessment of $100.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, Pulley was sentenced on January 4, 2008. His direct appeal was dismissed on July 30, 2008, *United States of America v. Pulley*, Appeal No. 08-1239 (7th Cir., filed Jan. 29, 2008), and he did not seek review with the Supreme Court. Therefore, for purposes of § 2255, Pulley's conviction became final on October 29, 2008. Pulley filed the instant motion on January 8, 2010. Thus, Pulley's judgment of conviction was final for over 14 months prior to the filing of his motion under § 2255, and he filed this motion more than two months too late.

On page 4 of his motion, Pulley acknowledges that this is an untimely filing. He asks the Court to toll the statute of limitations, stating: "Defendant is currently incarcerated in the Illinois Department of Corrections, Centralia, Il. Defendant does not have any assistance in Federal law. Defendant also has very limited time in library."

> Equitable tolling is a remedy reserved for "[e]xtraordinary circumstances far beyond the litigant's control [that] ... prevented timely filing." *Modrowski*, 322 F.3d at 967 (quoting *Marcello*, 212 F.3d at 1010). Equitable tolling of the statute of limitations is such exceptional relief that "we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Id.* (citing *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002)).

*Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004).[1] *See also Poe v. United States*, 468 F.3d 473 (7th Cir. 2006).

The Court finds that having limited access to a prison law library, or lack of assistance with federal law, does not constitute such an extraordinary circumstance as would justify tolling the statute of limitations in this situation. Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.

Accordingly, Pulley's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** for lack of jurisdiction, and all pending motions are moot.

**IT IS SO ORDERED.**

**DATED this 27th day of July, 2010.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**

---

[1] Internal citations: *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003).